IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

WANDA THOMPSON, INDIVIDUALLY
AND ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED                                                                                    PLAINTIFF

V.                                                                            CAUSE NO.: 1:10CV312-SA-SAA

MIDLAND FUNDING, LLC                                                                                 DEFENDANT

MEMORANDUM OPINION

Plaintiff filed this claim asserting Defendant violated the Fair Debt Collection Practices Act in its efforts to collect a defaulted debt. Midland Funding has filed a Motion to Compel Arbitration and to Dismiss Action [6]. After reviewing the motion, response, case law and authorities, the Court grants Defendant's motion.

*Factual and Procedural Background*

Plaintiff entered a Loan Agreement and Security Agreement to secure her debt to Beneficial Mississippi, Inc. On the same date, Plaintiff executed a Arbitration Rider in which she agreed that

> any claim, dispute, or controversy (whether based on contract; tort, intentional or otherwise; constitution; statute; common law; or equity and whether pre-existing, present or future) including initial claims, counter claims, and third party claims, arising from or relating to this Agreement or the relationships which result from this Agreement, including the validity or enforceability of this arbitration clause, any part thereof or the entire Agreement ("Claim"), shall be resolved, upon the election of you or us, by binding arbitration . . . .

Above the signature line, in bold all capital letters is the paragraph:

> THE PARTIES ACKNOWLEDGE THAT THEY HAD A RIGHT TO LITIGATE CLAIMS THROUGH A COURT BEFORE A JUDGE OR JURY BUT WILL NOT HAVE THAT RIGHT IF EITHER PARTY ELECTS ARBITRATION. THE PARTIES HEREBY KNOWINGLY AND VOLUNTARILY WAIVE THEIR RIGHTS TO LITIGATE SUCH CLAIMS IN A COURT BEFORE A JUDGE OR JURY UPON ELECTION OF ARBITRATION BY EITHER PARTY.

On March 22, 2010, Beneficial Mississippi sold a pool of charged-off accounts by a Purchase and Sale Agreement and a Bill of Sale to Midland Funding, LLC. Pursuant to that Assignment and Bill of Sale, Beneficial Mississippi sold, assigned, and transferred to Midland Funding "all of Seller's rights, title, and interest in each and every one of the Accounts together with the right to collect . . . all principal, interest or other proceeds of any kind or character that may be due and owing on the Accounts." Plaintiff's account was in the pool sold to Midland Funding.

Midland Funding then filed suit in the Monroe County Circuit Court against Thompson attempting to recover the allegedly defaulted debt originally owed to Beneficial Mississippi.

Plaintiff filed this action on November 30, 2010, alleging that Midland Funding violated the Fair Debt Collection Practices Act in collecting defaulted debts through unlawful collection practices. By letter dated January 21, 2011, Defendant's counsel informed Plaintiff that Midland Funding was electing to arbitrate her claims pending in this cause of action. Plaintiff refused to submit to arbitration. Defendant filed a Motion to Compel Plaintiff to arbitrate [6].

Plaintiff asserts that (1) Midland Funding has no standing to enforce the arbitration clause as they were not a party to the original Loan Agreement; (2) that there was no mutual assent in the lending contract for a debt collector to have the right to compel arbitration; (3) that Midland Funding waived their right to arbitrate by filing a lawsuit against her in state court; and (4) the lending contract is unconscionable.

*Motion to Compel Arbitration Standard*

Section 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4, provides that where a party has refused to arbitrate under a written arbitration agreement, the other party may petition the court for an order compelling arbitration, and the court shall order the parties to arbitrate if it is satisfied

2

that the making of the agreement is not in issue.

A two-step analysis is applied to determine whether a party may be compelled to arbitrate. Sherer v. Greentree Serv., 548 F.3d 379, 381 (5th Cir. 2008) (citing J.P. Morgan Chase & Co. v. Conegie, 492 F.3d 596, 598 (5th Cir. 2007)). First, the court asks if the parties have agreed to arbitrate the dispute. Id. This step itself contains two questions: (1) is there a valid agreement to arbitrate the claims and (2) does the dispute in question fall within the scope of that arbitration agreement. Id. These questions are decided according to state law. Banc One Acceptance Corp. v. Hill, 367 F.3d 426, 429 (5th Cir. 2004) (quoting Webb v. Investacorp, Inc., 89 F.3d 252, 258 (5th Cir.1996)). "While there is a strong federal policy favoring arbitration, the policy does not apply to the initial determination whether there is a valid agreement to arbitrate." Id. (citing Will-Drill Res., Inc. v. Samson Res. Co., 352 F.3d 211, 214 (5th Cir. 2003)); see also Volt Info. Sciences, Inc. v. Bd. of Trustees of Leland Stanford Junior Univ., 489 U.S. 468, 478, 109 S. Ct. 1248, 103 L. Ed. 2d 488 (1989) ("[T]he FAA does not require parties to arbitrate when they have not agreed to do so."). "Nonetheless, once a court determines that an agreement to arbitrate exists, the court must pay careful attention to the strong federal policy favoring arbitration and must resolve all ambiguities in favor of arbitration." Banc One, 367 F.3d at 429 (citations omitted). If the court determines that the parties have agreed to arbitrate the dispute, the court then asks if "any federal statute or policy renders the claims nonarbitrable." Id. (quoting Wash. Mut. Fin. Group, LLC v. Bailey, 364 F.3d 260, 263 (5th Cir. 2004)).

Neither party contends that a federal statute or policy precludes enforcement of the arbitration clause. Therefore, our analysis focuses on whether the parties have agreed to arbitrate the dispute.

*Discussion and Analysis*

    *A. Standing*

Midland Funding asserts that as the successor in interest to Beneficial Mississippi, it has standing pursuant to the Assignment and Bill of Sale to enforce the arbitration provisions of the Loan Agreement and Arbitration Rider. Indeed, Midland Funding was granted all of Beneficial Mississippi's "rights, title and interests in each and every one of the Accounts . . ." Plaintiff asserts that the Arbitration Rider was signed "as part of [her] Agreement with Lender." See Arbitration Rider. Thus, because Midland Funding is not the "Lender," there was no mutual assent or agreement in the lending contract for a debt collector to have the right to compel arbitration.

As a general rule, an assignee essentially "stands in the shoes" of the assignor and takes whatever rights the assignor possessed. See So. Miss. Planning & Dev. Dist. v. Alfa Gen. Ins. Corp., 790 So. 2d 818, 821 (Miss. 2001). "'The logical inversion of this rule dictates that the assignee must acquire all those rights, interests and remedies available to assignor . . . .'" Id. at 821-22 (quoting Ford v. White, 495 So. 2d 494, 497 (Miss. 1986)). Accordingly, Midland Funding, as an assignee of Beneficial Mississippi, stands in the shoes of the Lender and assumes those rights the assignor possessed. One of those rights was the right to enforce the Arbitration Rider attached to the Loan Agreement. Therefore, Midland Funding has standing to compel arbitration of this claim.

    *B. Waiver*

Plaintiff asserts that Midland Funding's attempt to collect its debt by filing of a state court lawsuit waives their right to compel arbitration.

The court finds waiver "when the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party." Petroleum Pipe Ams. Corp. v. Jindal Saw

Ltd., 575 F.3d 476, 480 (5th Cir. 2009) (quoting Walker v. J.C. Bradford & Co., 938 F.2d 575, 577 (5th Cir. 1991)). In this context, "prejudice" means "the inherent unfairness in terms of delay, expense, or damage to a party's legal position that occurs when the party's opponent forces it to litigate an issue and later seeks to arbitrate the same issue." Republic Ins. Co. v. PAICO Receivables, LLC, 383 F.3d 341, 346 (5th Cir. 2004) (citation omitted). "Three factors are particularly relevant" to the prejudice determination: (1) whether discovery occurred relating to arbitrable claims; (2) the time and expense incurred in defending against a motion for summary judgment; and (3) a party's failure to timely assert its right to arbitrate. Id.

To invoke the judicial process, a party "must, at the very least, engage in some overt act in court that evinces a desire to resolve the arbitrable dispute through litigation rather than arbitration." Id. at 344 (citation omitted). A presumption against waiver exists such that the party asserting waiver "bears a heavy burden of proof in its quest to show" waiver. Id. at 344 (citation omitted).

First, the Court notes that the Arbitration Rider asserts that "[t]he use of the courts shall not constitute a waiver of the right of any party, including the plaintiff, to submit any Claim to arbitration nor render inapplicable the compulsory arbitration provisions contained in this Arbitration Rider."

Second, the Court observes that the state court action Midland Funding filed is distinct from the current dispute filed by the Plaintiff. In the state court action, Midland Funding sought to collect the debt allegedly owed by Wanda Thompson. In this action, Thompson seeks to hold Midland Funding liable under the Fair Debt Collection Practices Act. Defendant argues, and Plaintiff does not rebut, that these are two separate and distinct actions. Therefore, Midland Funding did not seek to litigate an issue, then arbitrate the same issue later on. Accordingly, Plaintiff has shown no prejudice and has proven no waiver of the right to arbitrate.

5

*C. Unconscionability*

Plaintiff asserts that the Arbitration Rider is unconscionable as it allows third party debt collectors to compel arbitration. Additionally, Plaintiff contends that the Arbitration Rider is procedurally unconscionable as a contract of adhesion with no mention of debt collectors, and substantively unconscionable as it waives her judicial remedies against a debt collector.

"Mississippi law defines an unconscionable contract as 'one such as no man in his senses and not under a delusion would make on the one hand, and no honest and fair man would accept on the other.'" Pride v. Ford Motor Co., 341 F. Supp. 2d 617, 622 (N.D. Miss. 2004) (quoting Entergy Miss., Inc. v. Burdette Gin Co., 726 So. 2d 1202, 1207 (Miss. 1998)). Mississippi law provides for both procedural and substantive unconscionability. York v. Georgia-Pacific Corp., 585 F. Supp. 1265, 1278 (N.D. Miss. 1984). "Procedural unconscionability may be proved by showing 'a lack of knowledge, lack of voluntariness, inconspicuous print, the use of complex legalistic language, disparity in sophistication or bargaining power of the parties and/or a lack of opportunity to study the contract and inquire about the contract terms.'" East Ford, Inc. v. Taylor, 826 So. 2d 709, 714 (Miss. 2002) (quoting Pridgen v. Green Tree Fin. Servicing Corp., 88 F. Supp. 2d 655, 657 (S.D. Miss. 2000)). Substantive unconscionability may be proven by showing the terms of the arbitration agreement to be oppressive. York, 585 F. Supp. at 1278.

The Rider to the Loan Agreement is a separate document entitled ARBITRATION RIDER printed in twelve point font. As noted above, the document reads above the signature line:

> THE PARTIES ACKNOWLEDGE THAT THEY HAD A RIGHT TO LITIGATE CLAIMS THROUGH A COURT BEFORE A JUDGE OR JURY BUT WILL NOT HAVE THAT RIGHT IF EITHER PARTY ELECTS ARBITRATION. THE PARTIES HEREBY KNOWINGLY AND VOLUNTARILY WAIVE THEIR RIGHTS TO LITIGATE SUCH CLAIMS IN A COURT BEFORE A JUDGE OR

JURY UPON ELECTION OF ARBITRATION BY EITHER PARTY.

Moreover, the terms of the arbitration agreement are not oppressive. The Arbitration Rider calls for equal cost-splitting of arbitration fees, provides a selection of national arbitration firms, allows the arbitration to be held in a city close to the plaintiff, and is equally binding on election by either party.

Moreover, an arbitration agreement may not be labeled unconscionable simply because it carries with it aspects of adhesion. <u>Norwest Fin. Miss., Inc. v. McDonald</u>, 905 So. 2d 1187, 1194 (Miss. 2005) (citing <u>East Ford, Inc.</u>, 826 So. 2d at 716). Courts will generally enforce an arbitration agreement in a contract of adhesion unless the agreement is 1) not within the objectively reasonable expectations of the parties, or 2) unconscionably unfair. <u>Russell v. Performance Toyota, Inc.</u>, 826 So. 2d 719, 726 (Miss. 2002). However, consumers who sign contracts are charged with knowledge of the documents they execute. <u>Id</u>. at 726.

Plaintiff has failed to show that the arbitration provision of the agreement was not within the objectively reasonable expectation of the parties or unconscionably unfair, even if enforceable by a "third party debt collector." In fact, Plaintiff agreed to arbitrate "any claim, dispute, or controversy . . . including inital claims, counter claims, and *third party claims*, arising from or relating to this Agreement or the relationships which result from this Agreement . . . ." (emphasis added). Accordingly, Plaintiff was made aware at the time of signing this document that third party claims could be raised and arbitrated under this Agreement. Therefore, Plaintiff has failed to show that the Arbitration Rider is procedurally or substantively unconscionable.

Plaintiff does not contend that the dispute falls outside the scope of the agreement. The Court notes that the arbitration agreement language is broad and encompasses all disputes related to the

7

Loan Agreement executed between Wanda Thompson and Beneficial Mississippi. Thus, the present dispute need only "touch" matters covered by the agreement to be arbitrable. <u>Pennzoil Exploration & Prod. Co. v. Ramco Energy Ltd.</u>, 139 F.3d 1061, 1068 (5th Cir. 1998)). The Complaint asserts that Midland Funding violated the Fair Debt Collection Practices Act when it took unlawful actions to recover Thompson's defaulted debt owed under the Loan Agreement. The court finds the arbitration agreement encompasses the present dispute.

The parties do not contend that any federal statute or policy renders the claims nonarbitrable. Accordingly, the Court finds that a valid agreement exists and that no federal statute or public policy renders this claim nonarbitrable.

As such, the present claim is arbitrable and Defendant's Motion [6] is GRANTED. Plaintiff must submit her claims to arbitration. This case is dismissed with prejudice.

SO ORDERED, this the 3rd day of August, 2011.

                                                   **/s/ Sharion Aycock**
                                                   **U.S. DISTRICT JUDGE**